```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
Plaintiff,                   )
                             )
   v.                        )  NO. 2:09-CR-125
                             )     (2:12-CV-149)
ANTHONY JEROME BANDY,        )
                             )
Defendant.                   )

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant, Anthony Jerome Bandy, on April 17, 2012. (DE #92.) For the reasons set forth below, the motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil action **WITH PREJUDICE**. Further, this Court **DECLINES** to issue a certificate of appealability.

BACKGROUND

On June 16, 2009, Anthony Jerome Bandy ("Bandy") was arrested pursuant to a criminal complaint charging him with being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1). On July 15, 2009, Bandy was indicted on that same charge. On October 14, 2009, Bandy filed a notice of intent to

plead guilty to count one of the indictment without the benefit of a plea agreement, and this Court held a plea hearing two days later. During that Rule 11 hearing,[1] Bandy was placed under oath, and he confirmed that he wished to plead guilty to the charged offense, that he was doing so knowingly and voluntarily, and that no one had made any promises, assurances, or threats to him regarding his choice to plead guilty. The Court explained the penalties that Bandy was facing, and Bandy confirmed that he understood those penalties. Bandy proceeded to describe how, on June 14, 2009, he was knowingly and voluntarily in possession of a firearm while in Gary, Indiana, when he was stopped by police. He stated that the gun was manufactured outside of the state. Bandy further confirmed that, at that time, he was a convicted felon. After the Government had provided its statement in support of a violation of 18 U.S.C. section 922(g)(1), namely that Bandy possessed a firearm that had previously traveled in interstate commerce after having been convicted of a crime punishable by a term of imprisonment in excess of one year, Bandy stated that he agreed with the Government's statement of facts. The Court accepted Bandy's guilty plea and adjudged him guilty.

Both the Government and Bandy submitted sentencing memorandums, and on July 23, 2010, the contested sentencing hearing

---

[1] The transcript of the plea hearing is found at DE #69.

began but did not conclude due to the voluminous amount of testimony and evidence presented. On July 30, 2010, the sentencing hearing resumed, and, despite Bandy's objections, the Court ultimately determined that he was an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e). Bandy was sentenced to two hundred and ten (210) months imprisonment.

Bandy appealed his conviction to the United States Court of Appeals for the Seventh Circuit. Bandy's court-appointed appellate attorney filed an *Anders* brief moving to withdraw because he concluded that the appeal presented no factually or legally nonfrivolous issues. Bandy's counsel noted that Bandy entered into an unconditional, knowing, and voluntary guilty plea and neither moved to withdraw his guilty plea nor sought to challenge that plea on appeal. Bandy's counsel also noted that any challenge to the sentence imposed would have been frivolous on appeal as it was not imposed in violation of the law, was not the result of an incorrect application of the Guidelines, and was not substantively unreasonable. Bandy filed a response to counsel's motion pursuant to Circuit Rule 51(b), in which he argued, among other things, that his 1996 conviction in Georgia should not have qualified as a violent felony for purposes of the ACCA.[2] The Seventh Circuit

---

[2] In addition, Bandy argued that the 1996 conviction should have been ignored because his attorney in the Georgia prosecution did not advise him appropriately as to the consequences of such conviction. The Seventh Circuit Court of Appeals concluded that this argument was also frivolous. Finally,

Court of Appeals considered the issues raised in the *Anders* brief as well as Bandy's own arguments and ultimately concluded that the appeal was frivolous. On June 6, 2011, the appeal was dismissed.

Bandy filed the instant motion on April 17, 2012. In it he asserts that his counsel was ineffective for failing to object to: (1) a lack of personal jurisdiction; (2) a lack of subject matter jurisdiction; and (3) the Government's reliance on the Commerce Clause to enforce a violation of Title 18 U.S.C. section 922(g)(1). On July 5, 2012, the Government filed a response in opposition to the motion. After an extension was granted, Bandy filed a reply brief on October 11, 2012. This motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

---

Bandy contended that his guilty plea was invalid because of his mental incompetency; however, the Seventh Circuit Court of Appeals noted that self-diagnosis does not affect a person's competence to plead guilty and concluded that the contention was frivolous.

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Bandy's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint,

'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"  *Id.*  Here, the Court has assessed Bandy's claims with these guidelines in mind.

*Bandy's Arguments – Ground One*

For Ground One of his motion, Bandy asserts that his counsel was ineffective because he failed to make an objection based on the State's "unfettered sovereign territorial . . . jurisdiction" and the Court's lack of personal jurisdiction over him.  He argues that

the Government did not establish that "this Court had the requisite personal jurisdiction over an alleged offense committed within the sovereign territorial jurisdiction of the State of Indiana, that has been ceded, or in any way surrendered, to the United States." The Court agrees with the Government that this argument is without merit.

The territorial jurisdiction of the United States is defined as "all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone." 18 U.S.C. § 5. United States district courts have been vested with original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Although Bandy argues otherwise, the jurisdiction of the United States need not be exclusive before "territorial" jurisdiction attaches. See *McClurkin v. United States*, 922 F.2d 843, No. 89-3450, 1991 WL 1921, at *1-2 (7th Cir. Jan. 7, 1991). The fact that states enjoy sovereignty within their boundaries does not prevent the United States from having concurrent jurisdiction for federal crimes committed within those same boundaries. *United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir. 2002). See also *United States v. Myers*, 12 F.3d 215, No. 93-5727, 1993 WL 473790, at *1 (6th Cir. Nov. 16, 1993) (federal courts do not need the permission of the states to exercise jurisdiction over offenses committed in violation of the laws of the United States). The

Seventh Circuit has consistently deemed these types of "territorial" jurisdiction arguments frivolous. See *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001) (collecting cases). Here, Bandy was charged with a crime against the United States pursuant to a valid congressional enactment (i.e. 18 U.S.C. § 922(g)(1)), and it is undisputed that the crime occurred in the Northern District of Indiana, which is part of the United States.[3] The alleged "territorial" jurisdiction deficiencies as described by Bandy simply do not exist.

To the extent that Bandy's argument rests on a lack of personal jurisdiction, it is undisputed that Bandy was in the United States and appeared before this Court in connection with his federal criminal indictment. Therefore, this Court had personal jurisdiction over Bandy. See *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases soundly rejecting "theories of individual sovereignty, immunity from prosecution, and their ilk"); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) (personal jurisdiction is established by a defendant's presence in the territory of the United States); see also *United States v. Phillips*, 326 Fed.Appx. 400, No. 08-2853, 2009 WL 1484599, at *1 (7th Cir. May 21, 2009) ("a district court has

---

[3] As the Government points out, both the charging document and Bandy's own statements under oath during his change of plea hearing show that the offense occurred in the Northern District of Indiana.

personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law").

*Bandy's Arguments - Ground Two*

For Ground Two of his motion, Bandy maintains that his counsel was ineffective for failing to object to the alleged lack of subject matter jurisdiction.  Although this is linked to his previous jurisdictional arguments, here Bandy specifically states that his conviction for violating 18 U.S.C. section 922(g)(1) should be vacated because "not only is 18 U.S.C. § 3231 invalid, but, the Constitution, itself, impeaches Congress' power to even enact any legislation that would vest the federal courts with criminal subject-matter jurisdiction."

Bandy first argues that section 3231, which, as noted above, provides the United States district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," is inoperable and void because the legislative history illustrates no quorum was present at the time of its enactment. 18 U.S.C. § 3231. According to Bandy, "one of the principle mandates of the Supreme Law of the Land requires that a Quorum be present whenever the House, where the laws originate, is to conduct the business of enacting a law." Bandy's argument, however, is without merit.

The "enrolled-bill rule" makes it impermissible for a court to look "beyond the signatures of House and Senate leaders in determining the validity of a statute." *United States v. Farmer*, 583 F.3d 131, 151 (2d Cir. 2009); see also *United States v. Small*, 487 Fed.Appx. 302, 303, No. 11-1614, 2012 WL 2435585 (7th Cir. June 28, 2012). When an enrolled act is "attested to by declaration of the two houses, through their presiding officers [the enrolled bill] is conclusive evidence that it was passed by Congress." *Farmer*, 583 F.3d at 151-52 (citing *Pub. Citizen v. U.S. Dist. Court for D.C.*, 486 F.3d 1342, 1349-50 (D.C. Cir. 2007)). As such, section 3231 is "complete and unimpeachable," and Bandy's argument fails. *Small*, 487 Fed.Appx. at 303 (collecting cases and citing to 94 CONG. REC. 568 (1948)).

Bandy next asserts that "any legislation [such as section 3231] that purports to vest the federal courts with criminal subject-matter jurisdiction cannot pass constitutional muster." He claims that the "United States, under Article III, § 2, does not have the 'judicial power' to sit in judgment over any criminal offense." Again, Bandy's argument is frivolous.

Article III, section 2 of the United States Constitution provides that "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. CONST. art. III § 2. Pursuant to this provision,

-10-

both civil and criminal cases are "equally within the domain of the judicial powers of the United States, and there is nothing in the grant to justify an assertion that whatever power may be exerted over a civil case may not be exerted as fully over a criminal one." *Tennessee v. Davis*, 100 U.S. 257, 263-64 (1879).  As stated above, Congress enacted 18 U.S.C. section 3231, which provides the district courts with subject matter jurisdiction over criminal cases.  See *United States v. Krilich*, 209 F.3d 968, 972 (7th Cir. 2000) ("The subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.  That's the beginning and the end of the 'jurisdictional' inquiry.")

*Bandy's Arguments - Ground Three*

Finally, for Ground Three, Bandy claims that his counsel was ineffective for failing to object to the Government's reliance on the Commerce Clause.  Bandy asserts that the Commerce Clause "has never been intended by the Framers to, extend to the acts of private persons that in any way affect commerce" within the state. In support of his position, Bandy cites to *Lopez*, a Supreme Court case holding that 18 U.S.C. section 922(q) was unconstitutional because the prohibition against the possession of firearms in a

school zone lacked a sufficient interstate nexus. See generally *United States v. Lopez*, 514 U.S. 549 (1995).

Here, however, the Government is correct in noting that there is ample Seventh Circuit precedent providing that 18 U.S.C. section 922(g), which makes it a crime to be a felon in possession of a firearm, is a valid congressional enactment and not a violation of Congress' power under the Commerce Clause. See *e.g. United States v. Olson,* 408 F.3d 366, 372-73 (7th Cir. 2005); *United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002) (both holding 18 U.S.C. section 922(g)(1) is a valid congressional enactment which satisfies the Commerce Clause requirements). Attempts to extend *Lopez* to cases involving section 922(g) have continuously been rebuffed. See *e.g. United States v. Bell*, 70 F.3d 495, 497-98 (7th Cir. 1995); *United States v. Schmidt*, 571 F.3d 743, 747 (8th Cir. 2009); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).[4]

---

[4] Bandy raises two additional arguments for the first time in his reply brief; these arguments have been forfeited. *United States v. Carter*, 695 F.3d 690, 701, n. 6 (7th Cir. 2012) (arguments raised for the first time in a reply brief are forfeited); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("district court is entitled to find that an argument raised for the first time in a reply brief is forfeited"); *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009) (arguments raised for the first time in a reply brief are waived). Waiver aside, Bandy's contentions are without merit.

First, Bandy argues that it was a "miscarriage of justice" for the Court to count the "confusing" and "unreliable" 1996 conviction in Georgia for burglary as a violent felony for purposes of sentencing him as an armed career criminal under the ACCA. See 18 U.S.C. § 924(e). However, Bandy raised this specific argument on direct appeal, and the Seventh Circuit dismissed it as frivolous. *United States v. Bandy*, 426 Fed. Appx. 448, 449, No. 10-2886, 2011 WL 2193286 (7th Cir. June 6, 2011). A section 2255 motion cannot be used as a "recapitulation" of a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *McCleese v. United States*, 75 F.3d 1174, 1177

In sum, Bandy has failed to show that any of the arguments described in his motion rise to the level of ineffective assistance of counsel on the part of his attorney. The failure to object to or raise these meritless issues does not establish that his counsel's performance fell below an objective standard of reasonableness, nor has Bandy shown that such failure caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

(7th Cir. 1996). "Indeed, in the absence of changed circumstances of fact or law, [the Court] will not reconsider an issue which was already decided on direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Bandy has not alleged any changed circumstances that would permit this Court to reconsider Bandy's previously raised and dismissed argument.

Second, Bandy states that it was plain error for the Court to use his 2007 Class C Felony Burglary conviction under Indiana code 35-43-2-1 (cause number 45G04-0608-FC-00094) as a violent felony for purposes of sentencing him as an armed career criminal under the ACCA. Bandy claims that "this offense is a Misdemeanor and does not qualify for ACCA enhancement." Not only did Bandy waive this argument by failing to bring it on direct appeal (see *e.g. McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996), but he is clearly mistaken. Bandy was charged with and pled guilty to intentionally breaking and entering into the building or structure of another person with the intent to commit theft, which is a class C felony under the Indiana Code. Although Bandy appears to argue that his conviction is not a violent felony because it involved "contact" with a cell phone business rather than a residence, his argument is without merit as it confuses the Guideline's crime-of-violence provision with the ACCA's violent felony provision. See *Taylor v. United States*, 495 U.S. 575, 598 (1990); see also *United States v. Thorton*, 463 F.3d 693, 700 (7th Cir. 2006) (rejecting the argument that burglary of a "building" is not a qualifying crime of violence under the ACCA and describing that argument as a "false notion"). It is clear from the record (and Bandy conceded as much prior to sentencing) that he was convicted of a burglary which meets the federal definition of generic burglary and that this conviction was eligible as a predicate offense for the enhancement under the ACCA as applied by this Court.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Bandy has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil case with prejudice.

Further, this Court declines to issue a certificate of appealability.


DATED: June 14, 2013                    /s/RUDY LOZANO, Judge
                                        United  States  District  Court